IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------
H. PATRICK BARCLAY,

                              Plaintiff,

                                                                               9:02-CV-0717
                                                                                 (NAM/DEP)

   v.

STATE OF NEW YORK , *et al.*,

                            Defendants.
------------------------------------------------------------------------------
APPEARANCES:                             OF COUNSEL:

H. PATRICK BARCLAY, *Pro Se*

HON. ANDREW M. CUOMO             JEFFREY P. MANS, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

David E. Peebles
U.S. Magistrate Judge

## DECISION AND ORDER

     Presently before the Court is a motion to compel discovery filed by the defendants. Dkt. No. 69. Plaintiff has responded to the motion. Dkt. No. 70.

**I.    Background**

     This case was originally filed on May 30, 2002, and was pending before the Second Circuit from October 2002 through April 2005. Dkt. Nos. 12 and 14. The amended complaint was ordered served, and summonses issued, in April 2006. Defendants filed their answer on September 8, 2006. Dkt. No. 45. A pretrial scheduling order issued on October 4, 2006 (Dkt. No. 46) and the deadlines contained therein have been extended at the request of defendants on three occasions. Dkt. Nos. 51, 65,

and 67. The dispositive motion filing deadline is presently set for November 15, 2007. Dkt. No. 67. On March 5, 2007, plaintiff filed a motion to compel. Dkt. No. 52. That motion was granted in part, and denied in part on August 2, 2007. Dkt. No. 68.

## II.     The Motion to Compel

### A.     Defendants' Motion

Defendants filed their motion to compel discovery on August 24, 2007. Dkt. No. 69. Defendants seek an order directing plaintiff to produce the documents demanded in defendants' notice of deposition dated March 22, 2007. That demand required plaintiff to produce at his deposition "all documents relating to the allegations in the complaint." Dkt. No. 69, Exh. A.

Defendants state that plaintiff appeared at his deposition without all of the documentation related to the allegations in this case. Defendants further allege that plaintiff verbally agreed, at the deposition, to provide his remaining documents to defendants. Defendants' counsel annexed a number of pages from the April 16, 2007 deposition of plaintiff to the motion to compel. Dkt. No. 69, Exh. B. In those deposition pages, plaintiff states that he has, or may have, documents relating to this action that he did not produce at the deposition, and that he will provide them for defendants' counsel to photocopy. *Id.* Finally, annexed to defendants' motion to compel is a letter dated July 7, 2007 from plaintiff in which, in part, plaintiff states:

> ... the Dismissal Decision from the Court as requested had been apart [sic] of spoliation from plaintiff's legal papers and cannot be produced to you and must be sought from the Court. That all other notes by plaintiff are protected attorney-client privilege, for which plaintiff may like to discuss with future counsel pertaining to this case at bar, for which the notes had been outlined as soon as counsel is appointed and plaintiff

> Barclay have [sic] never signed any consent to share his confidential outline with any other.

Dkt. No. 69, Exh. C.

### B.     Plaintiff's Response

In response to defendants' motion to compel, plaintiff filed a letter and a declaration.[1]  Dkt. No. 70.  In his declaration plaintiff states that defendants' counsel should be able to get some of the documents from court files or the Department of Corrections central offices, that corrections officers had searched his cell leaving the documents "in disaray [sic], lost or stolen" and, thus any non-production was defendants' fault, that plaintiff has not consented to share his notes and documents with defendants, that his documents are intended to be discussed with counsel who may represent him in the future and are thus privileged[2], that defendants' counsel should seek the documents from his clients, and that defendants have not made a good faith effort to resolve these disputes before involving the Court by filing this motion.  Dkt. No. 70.  Plaintiff's response also indicates concern regarding relinquishing custody of his remaining documents for photocopying by the defendants.

### III.    Discussion

First, with respect to plaintiff's assertion that he has not consented to sharing his

---

[1]     The declaration references pages and documents that plaintiff did not attach to the declaration or otherwise file with the court.

[2]     Plaintiff has not been represented by counsel in this action, and has made no showing that he has consulted with legal counsel regarding this action.  Thus, at the present time, there is no apparent basis for a claim of attorney-client privilege.  The fact that plaintiff may retain, or be appointed, counsel in the future is not a basis for asserting attorney-client privilege at this time.

documentation with defendants, plaintiff is advised that, by virtue of filing this action, he has subjected all documents he possesses, which relate to the facts and allegations in the complaint, to inspection and copying by defendants' counsel, unless they are exempted from disclosure by law or by order of this Court. It is imperative that plaintiff understand that he must either produce any document responsive to defendants' discovery demands or specifically object to each demand.  Otherwise, such documents cannot be used by plaintiff at a later date to prove his claims in this action. *See* Fed. R. Civ. P. 37.

Defendants served plaintiff with a notice of deposition dated March 22, 2007 that included a document demand, pursuant to Rule 30 of the Federal Rules of Civil Procedure.  Accordingly, plaintiff is obligated to either produce the documents or to state a specific objection to the production of each responsive document or category of documents.

With respect to the claim of privilege, Rule 26(b)(5) of the Federal Rules of Civil Procedure[3] requires plaintiff to ***identify and describe*** each document which he claims is subject to privilege.  This process permits the parties to address whether such documents are, in fact, covered by a privilege. Plaintiff has wholly failed to comply with

---

[3]     **(5) Claims of Privilege or Protection of Trial Preparation Materials.**

(A) Information Withheld.

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

this requirement of the Federal Rules.

Accordingly, plaintiff will be directed to either comply with the outstanding demand, and the Federal Rules of Civil Procedure, or face the potential for an order of preclusion to be entered against him, prohibiting him from offering any documents in support of this case that have not been produced to the defendants. Therefore, the parties shall comply with the following measures:

1. Plaintiff shall collect all documents that he possesses, which are related to the allegations contained in the complaint, and advise defendants' counsel in writing, on or before **November 5, 2007,** that such documents are ready for inspection.

    Defendants' counsel may either appear at the facility where plaintiff is housed to inspect the records, or may designate a staff member at the facility to photocopy the documents, in plaintiff's presence, and return them immediately to plaintiff. Such inspection or photocopying shall be completed within **ten (10) days** from the postmark on plaintiff's notice and shall be accomplished at no cost to plaintiff.

2. Plaintiff shall prepare a list of any documents that he possesses, that relate to the allegations in the complaint, and which he seeks to have protected from disclosure. Plaintiff shall set forth the information required by Rule 26(b)(5)(A) for **each** such document on the list. Plaintiff shall provide that list to defendants' counsel on or before **November 5, 2007.** Upon review of such list, defendants may move this court for a further order relating to disclosure of such items, or for an order of preclusion. Any such motion shall be filed with this court on or before **November 15, 2007.**

WHEREFORE, it is hereby

ORDERED, that plaintiff shall collect all documents that he possesses, which are related to the allegations contained in the complaint, and advise defendants' counsel in writing, on or before **November 5, 2007,** that such documents are ready for inspection, and it is further

ORDERED, defendants' counsel may either appear at the facility where plaintiff is housed to inspect the records, or may designate a staff member at the facility to photocopy the documents, in plaintiff's presence, and return them immediately to plaintiff. Such inspection or photocopying shall be completed within **ten (10) days** from the postmark on plaintiff's notice and shall be accomplished at no cost to plaintiff, and it is further

ORDERED, plaintiff shall prepare a list of any documents that he possesses, that relate to the allegations in the complaint, and which he seeks to have protected from disclosure. Plaintiff shall set forth the information required by Rule 26(b)(5)(A) for **each** such document on the list. Plaintiff shall provide that list to defendants' counsel on or before **November 5, 2007.** Upon review of such list, defendants may move this court for a further order relating to disclosure of such items, or for an order of preclusion. Any such motion shall be filed with this court on or before **November 15, 2007**, and it is further

ORDERED, that the dispositive motion filing deadline is extended to **December 21, 2007**, and it is further

ORDERED, that the Clerk serve a copy of this order on the parties in accordance with this court's local rules.

Dated:   October 24, 2007
         Syracuse, NY

_David E. Peebles_
U.S. Magistrate Judge

6